**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1986
_____

DANZIGER & DE LLANO, LLP,

                                      Appellant

v.

MORGAN VERKAMP LLC;
FREDERICK M. MORGAN, JR., ESQUIRE;
JENNIFER VERKAMP, ESQUIRE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-02082)
District Judge: Honorable Petrese B. Tucker
_____

Argued: November 12, 2019

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: January 15, 2020)
_____

Gavin P. Lentz        [ARGUED]
Jeffrey W. Ogren
Bochetto & Lentz
1524 Locust Street
Philadelphia, PA 19102

    *Counsel for Appellant*

George Jonson
Montgomery Rennie & Jonson
600 Vine Street
Suite 2650
Cincinnati, OH 45202

Anthony P. McNamara
Thompson Hine
312 Walnut Street
Suite 1400
Cincinnati, OH 45202

Tejinder Singh      [ARGUED]
Goldstein & Russell
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814

Ammar S. Wasfi
Killino Firm
1835 Market Street
Suite 2820
Philadelphia, PA 19103

    *Counsel for Appellees*

—————————

OPINION OF THE COURT

—————————

BIBAS, *Circuit Judge*.

Removal to federal court changes the field of play, but not the game being played. Two law firms, Danziger and Morgan Verkamp, spent almost a year and a half in Pennsylvania state court disputing and ultimately taking discovery over a referral fee before any complaint was filed. After Morgan Verkamp removed the case to federal court, it successfully challenged personal jurisdiction. Danziger now argues that either there is specific personal jurisdiction over Morgan Verkamp in Pennsylvania or that Morgan Verkamp waived that objection. Not so.

There is no specific jurisdiction because Danziger's claims neither arise out of nor relate to Morgan Verkamp's activities in Pennsylvania. Nor did Morgan Verkamp consent to personal jurisdiction by merely taking part in pre-complaint discovery, because Pennsylvania law does not let defendants object to jurisdiction until the plaintiff files a complaint. And as we clarify today, a defendant who chooses to remove to federal court does not thus consent to personal jurisdiction; the defendant carries the defenses it had in state court with it to federal court.

Plus, the District Court need not find Danziger a new playing field. When the parties suggest transferring a case with a jurisdictional defect, a district court should ordinarily balance the equities of doing so before deciding to dismiss the case with prejudice. But at oral argument, Danziger conceded that it does

3

not need the District Court to transfer its case; it could timely refile its claims in another forum. So we need not remand to let the District Court consider transferring this case, but will instead affirm.

## I. BACKGROUND

Frederick Morgan and Jennifer Verkamp worked together at an Ohio law firm. In 2008, they left that firm and founded their own Ohio law firm, Morgan Verkamp LLC.

Danziger & De Llano, LLP, is a Texas law firm. Danziger says that it has referred potential *qui tam* clients to Mr. Morgan and Ms. Verkamp since they were at their old firm. One of those referred clients was Michael Epp. According to Danziger, it formed an oral contract with Mr. Morgan and Ms. Verkamp to collect one-third of the attorney's fees from the Epp suit as a referral fee. Epp, who was living outside the United States, later retained Morgan Verkamp as counsel. But he never promised Danziger, orally or in writing, a referral fee.

Morgan Verkamp brought a *qui tam* action on Epp's behalf under the False Claims Act against foreign defendants in the U.S. District Court for the Eastern District of Pennsylvania. After more than four years of litigation, the U.S. Government intervened and settled for hundreds of millions of dollars. As a result, Morgan Verkamp collected several million dollars in attorney's fees.

When Danziger heard about the settlement, it wanted the referral fee that Morgan Verkamp had allegedly promised. It sued Morgan Verkamp, Mr. Morgan, and Ms. Verkamp (collectively Morgan Verkamp) in Pennsylvania state court. Rather

than file a complaint, Danziger filed something called a writ of summons. In Pennsylvania, a plaintiff can file a writ of summons and seek discovery before filing a complaint. *See* Pa. R. Civ. P. 4003.8.

Danziger then moved to compel Morgan Verkamp to take part in pre-complaint discovery. The parties fought over the scope of discovery, and the Pennsylvania court held a discovery hearing. Morgan Verkamp appealed an adverse ruling.

Almost a year and a half after Danziger served the writ of summons, Morgan Verkamp asked the court to compel Danziger to file a complaint. So Danziger finally filed one. The complaint alleged six claims: fraud, conversion, unjust enrichment, breach of contract, and tortious interference with both contractual and prospective contractual relations. About two weeks later, Morgan Verkamp removed the case to federal court before the deadline for filing preliminary objections. It then moved to dismiss Danziger's complaint for lack of personal jurisdiction. In the alternative, it asked for a transfer to the Southern District of Ohio. Danziger opposed the motion, but in the alternative suggested transferring the case to Texas. The District Court dismissed the complaint with prejudice for lack of personal jurisdiction. It never considered transferring the case.

Danziger timely appeals, raising three arguments against dismissal: It claims that Pennsylvania courts have specific personal jurisdiction over Morgan Verkamp. It also asserts that Morgan Verkamp has waived any objection to personal jurisdiction. And even if there were no personal jurisdiction,

5

Danziger argues, the District Court should have transferred the case to an appropriate forum instead of dismissing it.

Because the District Court did not hold an evidentiary hearing on personal jurisdiction, we take Danziger's factual allegations as true. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). We review the District Court's dismissal for lack of personal jurisdiction de novo. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). We review the District Court's denial of Danziger's transfer motion for abuse of discretion. *Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 378 (3d Cir. 1987).

## II. PENNSYLVANIA COURTS LACK PERSONAL JURISDICTION

Danziger attacks the District Court's dismissal for lack of personal jurisdiction. Personal jurisdiction can be either general jurisdiction or specific jurisdiction. *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 416 (1984)). A defendant may also consent to personal jurisdiction by waiving any objection to it. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).

Here, Pennsylvania courts have neither general nor specific jurisdiction. Danziger concedes that Pennsylvania courts lack general jurisdiction. They also lack specific jurisdiction because Danziger's claims do not arise out of or relate to Morgan Verkamp's activities in Pennsylvania.

Nor did Morgan Verkamp waive its personal-jurisdiction defense. In Pennsylvania, a defendant need not challenge

6

personal jurisdiction until after a plaintiff files a complaint. When Danziger did so, Morgan Verkamp removed the case to federal court. And removal alone does not waive defenses. So Morgan Verkamp carried that defense with it to federal court and properly raised it there by moving to dismiss. Pennsylvania courts thus lack personal jurisdiction.

## A. Pennsylvania courts lack specific jurisdiction

Danziger argues that Morgan Verkamp's contacts with Pennsylvania support specific jurisdiction there. We disagree.

Pennsylvania's long-arm statute gives its courts jurisdiction over out-of-state defendants to the maximum extent allowed by the U.S. Constitution. 42 Pa. Cons. Stat. § 5322(b); *see Kubik v. Letteri*, 614 A.2d 1110, 1113–14 (Pa. 1992). When a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden "to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

To meet this burden, the plaintiff must "establish[ ] with reasonable particularity" three elements. *Id.* at 1223 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). "First, the defendant must have 'purposefully directed [its] activities' at the forum." *O'Connor*, 496 F.3d at 317 (alteration in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claims "must 'arise out of or relate to'" the defendant's activities. *Id.* (quoting *Helicopteros*, 466 U.S. at 414). And third, exercising personal jurisdiction must not "offend traditional notions of fair play and substantial justice." *Id.* at

316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Only the second element is at issue here.

Whether a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state depends, in part, on the type of claim brought. *See O'Connor*, 496 F.3d at 317 (quoting *Helicopteros*, 466 U.S. at 414).

For contract claims, a plaintiff must satisfy a "restrictive standard" by showing proximate causation (also called "substantive relevance"). *O'Connor*, 496 F.3d at 318, 320. But-for causation is not enough: "[T]he defendant's contacts with the forum [must have been] *instrumental* in either the formation of the contract or its breach." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (emphasis added). So a plaintiff cannot allege simply that but for *x*'s occurrence, *y* (which may have been remote and not foreseeable) would not have happened.

For tort claims, the standard is less restrictive. *O'Connor*, 496 F.3d at 320. But tort claims still "require[] a closer and more direct causal connection than" but-for causation. *Id.* at 320–23. The defendant must have benefited enough from the forum state's laws to make the burden of facing litigation there proportional to those benefits. *Id.* at 323 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Plus, intentional torts require more: "The defendant [must have] expressly aimed [its] tortious conduct at the forum" to make the forum "the focal point of the tortious activity." *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir.

1998). And "the plaintiff [must have] felt the brunt of the harm in the forum." *Id.*

Here, none of Danziger's six contract or intentional-tort claims arises out of or relates to Morgan Verkamp's activities in Pennsylvania. At bottom, its claims allege that Morgan Verkamp refused to pay Danziger the promised referral fee. But the alleged oral referral contract was neither formed nor breached in Pennsylvania. Nor did the alleged communications or misappropriation take place there. The parties exchanged emails and spoke on the phone while working in Ohio and Texas. And during this time, Epp did not live in any of these states, but rather abroad.

Danziger relies on Morgan Verkamp's litigating the Epp suit in federal district court in Pennsylvania. But all this shows is but-for causation, which is not enough to support personal jurisdiction. *See O'Connor*, 496 F.3d at 323.

Danziger also stresses that Pennsylvania is where Morgan Verkamp "created the legal fee pool of money." Appellant's Br. 27. But Danziger's complaint does not say that the pool of money ever touched Pennsylvania. On the contrary, Morgan Verkamp contends that the federal government wired its share of the recovery directly to the firm's office in Ohio. Even if the money touched Pennsylvania, that momentary contact would be too remotely related to Danziger's contract and intentional-tort claims to support personal jurisdiction. So Pennsylvania courts lack specific jurisdiction.

### B. Morgan Verkamp did not waive its personal-jurisdiction defense

Danziger next argues that Morgan Verkamp consented to personal jurisdiction by taking part in pre-complaint discovery for almost a year and a half before removing the case to federal court. Again, we disagree.

Morgan Verkamp could not challenge personal jurisdiction in Pennsylvania state court until after Danziger filed its complaint. So taking part in pre-complaint discovery was no waiver. The act of removal did not surrender the defense. And under the Federal Rules of Civil Procedure, Morgan Verkamp properly raised the personal-jurisdiction defense for the first time in its motion to dismiss. So it did not waive the defense in federal court either.

1. *In Pennsylvania, a defendant does not waive a personal-jurisdiction defense by failing to assert it and taking part in discovery before a complaint is filed.* Filing a writ of summons, like filing a complaint, "commence[s]" a suit in Pennsylvania state court. Pa. R. Civ. P. 1007. The writ requires only the parties' names and addresses, not a cause of action or factual allegations. *See id.* r. 1351; 1 Charles B. Gibbons et al., *West's Pennsylvania Forms* § 7:0 (West 2019). A plaintiff can use this writ to flesh out its claims in discovery before filing a complaint. *See* Pa. R. Civ. P. 4003.8. In response to this writ, at any time, the defendant can ask the court to compel the plaintiff to file a complaint within twenty days. *Id.* r. 1037(a).

But filing a writ of summons, unlike filing a complaint, does not force the defendant to raise its personal-jurisdiction

10

defense. Pennsylvania's rules let defendants raise this defense in a "preliminary objection." Pa. R. Civ. P. 1028(a)(1). Preliminary objections may be filed only in response to a "pleading." *Id.* A "complaint" is a pleading. *Id.* r. 1017(a)(1). But "[a] writ is not a pleading," so "any objection to it must await the filing of the complaint." *Id.* r. 1017 explanatory cmt. to 1991 amendment; *see Fox v. Thompson*, 546 A.2d 1146, 1147 (Pa. Super. Ct. 1988); *Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 255 (Pa. 1965) ("[P]reliminary objections may not be filed until after the complaint is filed."). Thus, in Pennsylvania state court, the defendant does not waive its personal-jurisdiction defense by awaiting the filing of a complaint.

In response, Danziger cites three cases it reads as suggesting that Morgan Verkamp consented to personal jurisdiction by not challenging it earlier. But none found a waiver based on taking part in pre-complaint discovery. One held that a defendant waived its personal-jurisdiction defense by failing to raise it *after* he filed a complaint seeking appointment of a receiver. *Levin v. Barish*, 481 A.2d 1183, 1185, 1187 (Pa. 1984). The second likewise found that a defendant's "active participation in the litigation of the lawsuit on the merits" waived an objection to defective service because it was "subsequent to the filing of [the] complaint." *O'Barto v. Glossers Stores, Inc.*, 324 A.2d 474, 476 (Pa. Super. Ct. 1974). The third found no waiver. *Cathcart v. Keene Indus. Insulation*, 471 A.2d 493, 499 (Pa. Super. Ct. 1984) (en banc), *abrogated on other grounds by Marinari v. Asbestos Corp.*, 612 A.2d 1021 (Pa. Super. Ct. 1992) (en banc).

11

In sum, Pennsylvania law makes clear that a defendant does not consent to personal jurisdiction until after a complaint is filed. Danziger cites no contrary authority. So Morgan Verkamp did not waive this defense in state court.

2. *Removal to federal court does not consent to personal jurisdiction*. Danziger also argues that Morgan Verkamp consented to personal jurisdiction by removing this case to federal court instead of filing a preliminary objection in state court. This is a question of first impression in this circuit. We hold today that removal to federal court does not waive defenses that a defendant would otherwise have in state court.

Our sister circuits have long held that "[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction, but after removal, the federal court takes up the case where the state court left off." *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347–48 (8th Cir. 1988) (citation omitted); *see, e.g.*, *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996); *see also Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) (same, for venue).

This rule is now hornbook law: "A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2019); *see* 17 James Wm. Moore, *Moore's Federal Practice* § 111.36[5][b] (3d ed. 2019).

We now adopt this rule. On removal, a defendant brings its defenses with it to federal court. This is because "[t]he [federal court's] jurisdiction exercised on removal is original not appellate." *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943). Removal does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal. *Id.* at 451.

And on removal, the Federal Rules of Civil Procedure govern. Fed. R. Civ. P. 81(c)(1). Under these rules, a defendant may challenge jurisdiction by moving to dismiss under Rule 12(b)(2). Shortly after removal, Morgan Verkamp did just that. So it never waived its personal-jurisdiction defense.

## III. THE DISTRICT COURT PROPERLY DECLINED TO TRANSFER THE CASE

Finally, Danziger argues that, rather than dismiss its case, the District Court should have transferred it to a proper forum. It sought a transfer to Texas; Morgan Verkamp, to Ohio. The District Court did neither. Without considering a transfer, it simply dismissed with prejudice for lack of personal jurisdiction.

But a district court that lacks personal jurisdiction must at least consider a transfer. The relevant statute provides that the district court "shall" transfer the case rather than dismiss it "if [doing so] is in the interest of justice." 28 U.S.C. § 1631. The district court does, however, have "broad discretion" not to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). And though it may transfer a case at the parties' request or sua sponte, it need not investigate on its own all other courts that "might" or "could have" heard the case. 28

13

U.S.C. §§1404(a), 1406(a); *see Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (recognizing sua sponte transfers); *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002). Still, the court must make some findings under §1631, at least when the parties identify other courts that might be able to hear their case. Here, the District Court did not.

Ordinarily, when a district court does not consider whether transferring the case would be "in the interests of justice," we would remand to let it consider whether to transfer. 28 U.S.C. §1631. But this is no ordinary case. At oral argument, Danziger made a key concession that obviates transfer: it admitted that the Ohio and Texas statutes of limitations do not bar it from refiling its claims there. Because the basis for the District Court's involuntary dismissal with prejudice was limited to lack of personal jurisdiction in Pennsylvania courts, the dismissal was not an adjudication on the merits. Fed. R. Civ. P. 41(b). So the dismissal does not trigger claim preclusion. *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944). All it precluded was relitigating the issue of personal jurisdiction in Pennsylvania. *See* 18A Charles Alan Wright et al., *Federal Practice and Procedure*, §4435, at 133 (3d ed. 2017). Danziger can refile its claims in Ohio or Texas.

If a plaintiff may, on its own, refile its case in a proper forum, "the interests of justice" do not demand transfer. Given Danziger's concession, the District Court did not abuse its discretion in refusing to transfer this case to Ohio or Texas. There is thus no need to remand.

14

\* \* \* \* \*

In Pennsylvania, a defendant cannot challenge personal jurisdiction until after the plaintiff files its complaint. And the defendant does not waive this defense by removing to federal court. Morgan Verkamp properly raised that defense for the first time right after removal. So the District Court properly dismissed for lack of personal jurisdiction. Because Danziger concedes that it can refile in either Ohio or Texas, we will affirm.