NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1807
_____

KYKO GLOBAL, INC., a Canadian Corporation;
KYKO GLOBAL GMBH, a Bahamian Corporation,
                                                      Appellants

v.

OMKAR BHONGIR, an Individual
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cv-00212)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2020

Before:   JORDAN, RESTREPO, and GREENBERG, *Circuit Judges.*

(Filed: April 1, 2020)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

In this diversity action, Kyko Global Inc., a Canadian corporation, and Kyko Global GmbH, a Bahamian corporation (collectively, "Kyko"), brought fraud and negligence claims against Omkar Bhongir, a California resident who was once a member of the board of directors of an Indian company that used Kyko's services. After jurisdictional discovery, the District Court granted Bhongir's motion to dismiss for lack of personal jurisdiction, denied Kyko's motion to compel the production of documents, and ordered Kyko to pay the attorneys' fees that Bhongir incurred in defending against the motion to compel. Kyko has appealed all three orders. We will affirm.

## I. BACKGROUND

Kyko, a company providing accounts receivable factoring services, alleges that Prithvi Information Solutions Ltd., an Indian corporation, fabricated information about customers and accounts receivables that fraudulently induced Kyko to enter into a loan factoring agreement with it. Kyko sued Bhongir, who was on the board of Prithvi from 2005-2009, claiming that he either assisted in the creation of that false information or knew of its existence.[1]

Bhongir moved to dismiss, alleging lack of personal jurisdiction, improper venue, expiration of the statute of limitations, and failure to state a claim. Bhongir also moved

---

[1] Kyko has successfully sued other individuals and Prithvi itself for fraud in the United States District Court for the Western District of Washington. *Kyko Glob. Inc. v. Prithvi Info. Sols., Ltd.*, No. 2:13-cv-1034, 2016 WL 3226347, at *18 (W.D. Wash. June 13, 2016), *modified by Kyko Glob., Inc. v. Prithvi Info. Sols., Ltd.*, No. 2:13-cv-1034, 2018 WL 4804587 (W.D. Wash. Apr. 23, 2018).

to stay the matter until the District Court determined whether it could exercise personal jurisdiction over him. Kyko opposed the stay and sought jurisdictional discovery. The Court denied Bhongir's motion to dismiss, without prejudice, and granted Kyko's motion for jurisdictional discovery.

In the course of that discovery, Kyko requested, *inter alia*, "all documents that pertain to [Bhongir's] employment and/or service as a director" on Prithvi's board and copies of all the notices, agendas, and minutes of the board meetings, including recordings. **(**App at 231.**)** Bhongir produced some, but not all, of the requested documents, asserting that the requests were overly broad. In response, Kyko sought to compel the production of those documents and extend the time period for jurisdictional discovery. The District Court denied Kyko's motion to compel and ordered Bhongir to produce an itemized statement of attorneys' fees incurred in opposing the motion. Bhongir produced that statement, and Kyko filed a brief in opposition to the grant of attorneys' fees.

Jurisdictional discovery revealed that Bhongir had visited Pennsylvania twice in his life, both times on family trips. During one of those family trips, he also stopped by Prithvi's Pittsburgh office to celebrate a colleague's birthday. As a member of Prithvi's board, Bhongir was physically present for only one board meeting, which was held in India. Otherwise, he participated in board meetings via telephone from California. Bhongir did know, however, that Prithvi's U.S. operations were based in Pittsburgh.

Given those facts, Bhongir renewed his motion to dismiss for lack of personal jurisdiction at the close of jurisdictional discovery. The District Court granted Bhongir's

3

renewed motion, denied Kyko's motion to compel, and awarded attorneys' fees to

Bhongir in the amount of $3,660.

## II.    DISCUSSION[2]

Kyko claims that the District Court erred in dismissing its case under Federal Rule

of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  According to Kyko,

Bhongir directed his activities at Pennsylvania, home of Prithvi's U.S. operations, while

on the board of Prithvi.  Kyko also argues that the District Court abused its discretion

when it denied the motion to compel production of documents and when it awarded

Bhongir attorneys' fees incurred in defending against that motion.  We address each

argument in turn.

### A.    Personal Jurisdiction[3]

Personal jurisdiction comes in two varieties: general and specific.  *O'Connor v.*

*Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).  General personal jurisdiction

requires that the defendant in question has had "continuous and systematic" contacts with

the forum state.  *Id.*  Specific personal jurisdiction depends upon satisfying a three-part

inquiry.  *Id.*  First, the defendant must have "purposefully directed [its] activities" at the

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. § 1291.  *See also Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) ("Under the 'merger rule,' prior interlocutory orders … merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order." (internal quotation marks omitted)).

[3] We review a district court's dismissal for lack of personal jurisdiction *de novo*. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020).

forum state. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the litigation must "arise out of or relate to at least one of those activities." *Id.* (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 416 (1984)) (internal quotation marks omitted). Third and last, if the first two steps of the inquiry have been met, the court must consider whether the exercise of personal jurisdiction "comport[s] with fair play and substantial justice." *Id.* (quoting *Burger King*, 471 U.S. at 476) (alteration in original) (internal quotation marks omitted). No one contends that there could be general jurisdiction over Bhongir in Pennsylvania, so we consider only whether the District Court could properly exercise specific personal jurisdiction over him.

Kyko argues that Bhongir submitted to personal jurisdiction in the District Court by his earlier actions. In particular, Kyko says that Bhongir agreed to jurisdiction because he sought "affirmative relief" from the Court by filing motions to stay discovery and strike declarations related to jurisdictional discovery. (Opening Br. at 18-19.) But submission to personal jurisdiction based on seeking affirmative relief is implicated only when a court "considers the merits or quasi-merits of a controversy." *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (quoting *Wyrough & Loser, Inc. v. Pelmore Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)). Bhongir's motions did not require the District Court to consider the merits of the controversy. On the contrary, his efforts were all directed at opposing jurisdiction and avoiding the merits.

Next, Kyko argues that the District Court misapplied the jurisdictional analysis required for fraud and negligence claims and that it failed to consider the jurisdictional evidence offered to demonstrate that Bhongir directed his conduct at Pennsylvania.

5

Because fraud is an intentional tort, we examine the exercise of jurisdiction, as the District Court did, using the "effects" test provided in *Calder v. Jones*. 465 U.S. 783 (1984). Under that test, personal jurisdiction is satisfied if the defendant committed (1) an intentional tort, (2) the forum bore "the brunt of the harm" and was "the focal point … of the harm suffered," and (3) the tortious conduct was "expressly aimed" at the forum state. *Id.* at 789.

The District Court concluded that Kyko met the first two elements of the effects test but failed to satisfy the third element. We agree, certainly as to the last point. Kyko's jurisdictional evidence is limited to several calls and emails exchanged between Bhongir and another Prithvi board member who was based in Pittsburgh. The mere fact that Bhongir communicated with a board member in Pittsburgh is not, standing alone, sufficient to show that he specifically aimed any allegedly fraudulent conduct at Pennsylvania. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("[A] defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." (citations omitted)); *see also IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998) ("[T]he *Calder* 'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity.").

Regarding its negligence claim, Kyko similarly failed to demonstrate that Bhongir purposefully directed his conduct at Pennsylvania. Bhongir's communications with a

6

Prithvi board member located in Pennsylvania cannot alone serve as the basis to establish Bhongir's connection to the forum state. Nor can his visits to Pennsylvania for personal reasons. In order for the District Court to assert personal jurisdiction over Bhongir, Kyko's claims must "arise out of or relate to" Bhongir's conduct associated with the forum state. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 130 (3d Cir. 2020) (internal quotation marks omitted). There has been, however, no nexus shown between Kyko's claims of negligence and Bhongir's visits to Pennsylvania for family trips.

The facts simply do not demonstrate that Bhongir had sufficient contacts with Pennsylvania to warrant the assertion of personal jurisdiction over him in this case. We will, accordingly, affirm the District Court's decision that it did not have personal jurisdiction.

### B.     Discovery Motions[4]

Kyko says that the District Court abused its discretion when it denied the motion to compel document production and when it granted attorneys' fees to Bhongir in defending against that motion. Both assertions are meritless.

It is well within the District Court's discretion to set the scope of discovery. "We will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's action made it impossible to obtain crucial

---

[4] "We … review a district court's discovery orders for abuse of discretion, and will not disturb such orders without a showing of actual and substantial prejudice." *Cyberworld Enter. Techns., Inc. v. Napolitano*, 602 F.3d 189, 200 (3d Cir. 2010).

7

evidence…." *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (internal quotation marks omitted).

The District Court granted Kyko leave to conduct discovery for the limited purpose of determining personal jurisdiction. Kyko's disputed requests for document production, however, exceeded that limited scope by seeking all documents relevant to Bhongir's membership on the Prithvi board and all information pertaining to board meetings. On that basis alone, denial of a motion to compel would have been reasonable. Equally significant, Kyko does not argue that the denial of the motion to compel made it impossible to obtain crucial information to make its case for jurisdiction. Indeed, Kyko argues that, even as the record stands, it has already asserted a *prima facie* case for personal jurisdiction. Therefore, the denial of the motion to compel was not an abuse of discretion.

Similarly, the District Court's grant of attorneys' fees incurred in defending against Kyko's overly-broad document requests was not an abuse of discretion. Kyko's chief arguments are that the District Court cannot *sua sponte* order attorneys' fees and that the District Court denied Kyko any appropriate notice and opportunity to be heard. But the text of Federal Rule of Civil Procedure 37(a)(5)(B) directs that when a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant … to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The order in question did in fact permit Kyko to oppose the motion for attorneys' fees and thus be heard. The District Court did not decide the attorneys' fees issue until after briefing had been provided by

8

both sides.  Clearly, Kyko had the requisite notice and opportunity to be heard on the issue.  The District Court thus operated within the boundaries set by the Federal Rules of Civil Procedure and did not abuse its discretion.

**III.    CONCLUSION**

For the foregoing reasons, we will affirm the District Court's dismissal of this case for lack of personal jurisdiction, denial of the motion to compel, and award of attorneys' fees.