**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1856
_____

GRAZYNA S. GREZAK,
                              Appellant

v.

ROPES & GRAY, LLP;
DARIUS A. MARZEC; GARBARINI & SCHER P.C. ("G&S");
MENTAL HYGIENE LEGAL SERVICE ("MHLS");
AISHA BAMS, Court Deputy of Magistrate Judge Debra Freeman SDNY ("Bams")
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:15-cv-02111)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 3, 2020

Before: JORDAN, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: April 16, 2020)
_____

PER CURIAM

Grazyna Grezak appeals pro se from the District Court's dismissal of her third amended civil rights complaint. For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In November 2015, Grezak, who lives in Pennsylvania, filed a pro se civil rights complaint in the U.S. District Court for the Middle District of Pennsylvania. Over the course of the next fourteen months, she amended her complaint three times. Her third amended complaint (TAC), which is the operative pleading, was brought against the law firm Ropes & Gray, LLP (R&G), a Delaware LLP that has its principal place of business in Massachusetts and no offices in Pennsylvania; the law firm Garbarini & Scher P.C. (G&S), a New York P.C. that has its principal place of business in New York and no offices in Pennsylvania; Mental Hygiene Legal Service (MHLS), a New York state agency; Darius Marzec, an attorney who resides in New Jersey and whose office is in New York; and Aisha Bams, a courtroom deputy for a U.S. magistrate judge who sits in the Southern District of New York.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The TAC's allegations, which are disjointed and difficult to follow, appear to relate to lawsuits that Grezak had filed in New York state and federal courts. Those lawsuits stemmed from her estranged relationship with her adult daughter, Evelina Grezak (E.G.). Each of the defendants named in the TAC was involved, in one way or another, with one or more of those New York lawsuits.[1] The TAC asserted both federal and state-law claims, alleging, inter alia, that the defendants were participating in some grand conspiracy "to silence or even secretly disappear the plaintiff Grezak," Third Amended Complaint, D.C. Dkt. No. 27, ¶ 7, and that their actions were "infected by their historical racial attitudes against Grezak's Noble Christian Polish heritage," id. ¶ 24. The TAC sought various forms of injunctive relief and a combined $57 million in compensatory and punitive damages.

The defendants each moved to dismiss the TAC, while Grezak inundated the District Court with a flurry of miscellaneous motions. The District Court referred the case to a magistrate judge. In 2018, the magistrate judge issued two reports. The first report recommended that the District Court grant the motions to dismiss filed by R&G, G&S, MHLS, and Bams, and that it deny Grezak's various motions filed against those defendants. The second report recommended that the District Court grant the motion to dismiss filed by Marzec (the lone remaining defendant), and that it deny Grezak's remaining motions. In

---

[1] The New York state-court proceedings concerned Grezak's efforts to have E.G. declared incapacitated and involuntarily hospitalized for psychiatric treatment, and to have a guardian appointed for E.G. MHLS represented E.G. in those proceedings. The New York federal proceedings concerned civil actions brought by Grezak against E.G., E.G.'s mental health care provider, and other mental health care providers. R&G served as pro bono counsel for E.G., G&S represented some of the mental health care providers, and Marzec represented Grezak for some time in one of the federal cases. Bams was the courtroom deputy for a U.S. magistrate judge to whom one of Grezak's federal cases was referred.

making these recommendations, the magistrate judge concluded that the claims against MHLS were barred by the Eleventh Amendment and that the District Court lacked personal jurisdiction over the other defendants. The magistrate judge also concluded that granting Grezak further leave to amend her claims would be futile, and that it would not be in the interest of justice to transfer the case to a federal district court that could exercise personal jurisdiction over the defendants other than MHLS.

The District Court adopted the magistrate judge's two reports in their entirety and dismissed all of the claims in the TAC with prejudice.[2] This timely appeal followed.[3]

## II.

We exercise plenary review over the District Court's dismissal of the claims in Grezak's TAC. See Laurel Gardens, LLC v. McKenna, 948 F.3d 105, 113 n.5 (3d Cir. 2020) ("Whether personal jurisdiction may be exercised over an out-of-state defendant poses a question of law triggering a plenary standard of review."); Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 197 (3d Cir. 2008) ("Our review of Defendants' entitlement to Eleventh Amendment immunity is plenary.").[4] We review the District Court's

---

[2] The District Court's September 7, 2018 order adopted the magistrate judge's first report, and the District Court's February 11, 2019 order adopted her second report.

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Although Grezak submitted her notice of appeal in April 2019, it did not become effective until May 29, 2019, when the District Court denied her timely motion for reconsideration. See Fed. R. App. P. 4(a)(4)(B)(i). Because Grezak did not file a new notice of appeal or amend her original notice after the District Court entered its May 29, 2019 order, our jurisdiction over this appeal does not extend to that order. See id. r. 4(a)(4)(B)(ii); Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 191 n.7 (3d Cir. 2015).

[4] We are unpersuaded by G&S's contention that Grezak has abandoned her appeal against G&S.

4

decision denying further leave to amend for abuse of discretion, and we "review de novo its determination that amendment would be futile." United States ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).[5]

For substantially the reasons set forth in the magistrate judge's two reports and the District Court's memoranda accompanying its two dismissal orders, we agree with the District Court that Grezak's TAC was subject to dismissal in its entirety because the claims against MHLS were barred by the Eleventh Amendment and the District Court lacked personal jurisdiction over the other defendants.[6] We also agree with the District Court that it would be futile to allow Grezak to file a fourth amended complaint.[7] To the extent that Grezak

---

[5] Grezak's appellate briefing does not challenge the District Court's decision declining to transfer her case to another federal district court. Accordingly, she has forfeited that issue, and we will not consider it here. See Barna v. Bd. of Sch. Dirs., 877 F.3d 136, 145–47 (3d Cir. 2017).

[6] The magistrate judge's reports discussed whether the District Court should exercise its supplemental jurisdiction over Grezak's state-law claims pursuant to 28 U.S.C. § 1367(a). That discussion was not warranted. Because the Eleventh Amendment barred all of Grezak's claims against MHLS, there was no basis for exercising supplemental jurisdiction over any state-law claims against that defendant. See Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541–42 (2002) ("[Section] 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). And since personal jurisdiction was lacking over the other defendants, there was no basis for exercising supplemental jurisdiction over state-law claims against them, either. Nevertheless, given that the magistrate judge recommended that the District Court decline to exercise its supplemental jurisdiction in this case and the District Court adopted that recommendation, there is no need for us to vacate and remand.

[7] In opposing MHLS's motion to dismiss, Grezak indicated that she intended to name two MHLS employees in a fourth amended complaint. To the extent that Grezak's proposed claims against those individuals would seek prospective relief, they would not be barred by the Eleventh Amendment. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (explaining that the doctrine of Ex parte Young, 209 U.S. 123

challenges the District Court's denial of her many motions in this case, we see no reason to disturb any of those rulings.

We have carefully considered the many arguments raised in Grezak's briefing, and we conclude that none of them entitles her to relief here.[8] Accordingly, we will affirm the District Court's judgment.[9] Grezak's "Motion for Leave to Strike Appellees' Briefs and/or Supplemental Appendix Including Sealed Documents" is denied. To the extent that Grezak seeks any other relief from this Court, that relief is denied, too.

---

(1908), carves out an exception to Eleventh Amendment immunity for claims for prospective relief brought against state officials). However, Grezak has not coherently alleged facts that would state a viable claim against those individuals. See Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (explaining that to survive dismissal for failure to state a claim upon which relief may be granted, "'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"'" (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))).

[8] To the extent that Grezak baldly claims that the District Court had a conflict of interest in this case, she has not identified any such conflict, and we see none.

[9] In doing so, we read the District Court's "with prejudice" dismissal of the claims against the defendants over which it lacked personal jurisdiction as meaning that the dismissal is "with prejudice" to Grezak's ability to refile those claims in a court sitting in Pennsylvania. See Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132–33 (3d Cir. 2020).