**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2385
_____

BRIAN A. PICCINETTI,
on behalf of himself and all others similarly situated

v.

CLAYTON, MYRICK, MCCLANAHAN & COULTER, PLLC;
INTERNAL CREDIT SYSTEMS, INC.; ROBERT J. NAUSEEF;
THEODORE LACHMAN

Theodore Lachman,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-16-cv-04032)
Magistrate Judge:  Honorable Tonianne J. Bongiovanni (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2023

Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: May 5, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Theodore Lachman appeals the District Court's order granting judgment against him and awarding attorney's fees to the appellee. For the reasons detailed below, we will affirm the District Court's judgment.

Plaintiff/appellee Brian Piccinetti filed an amended complaint alleging that several defendants had violated the Fair Debt Collections Practices Act. On behalf of all defendants—including Lachman—attorney Christopher Dalton settled the case. The settlement agreement provided that the various defendants would be jointly and severally liable to Piccinetti; that they would pay Piccinetti $2,500; that Piccinetti would be the prevailing party for purposes of attorney's fees; that the defendants waived any objections to service; and that the parties consented to permit a Magistrate Judge to determine appropriate attorney's fees. See ECF No. 57-1 (email memorializing oral agreement).

Piccinetti filed a motion for attorney's fees, claiming that he was owed $31,176. ECF No. 47-1. The Magistrate Judge granted the motion in part, ordering the defendants to pay $23,361. However, Lachman, now represented by new counsel, then sought to dismiss the action, claiming both that he was never properly served and that Dalton was not his attorney and thus lacked authority to bind him to a settlement. The Magistrate Judge held a hearing at which Lachman and Dalton testified. See ECF No. 86. Ultimately, the Magistrate Judge ruled that Dalton represented Lachman and had authority to settle. See ECF No. 87. Plaintiff then asked to amend the judgment to enlarge the attorney's fees order to cover the fees incurred in litigating Lachman's motion

2

to dismiss, which the Magistrate Judge granted, increasing the award to $48,911. See ECF No. 93. Lachman appealed.[1]

In his appellate brief, Lachman makes two arguments. First, he argues that he did not consent to proceed before the Magistrate Judge and that the Magistrate Judge therefore lacked authority to enter judgment. Second, he contends that he was never served with the amended complaint and that the District Court lacked personal jurisdiction over him.[2] We generally exercise de novo review over these issues. See Burton v. Schamp, 25 F.4th 198, 205 n.9 (3d Cir. 2022); McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998).

However, both of Lachman's arguments run headlong into the settlement agreement, in which the defendants "consent[ed] to magistrate judge jurisdiction," and "waive[d] any challenge to service of process." ECF No. 57-1. These stipulations are facially adequate. That is, the expression of consent is sufficiently clear to satisfy 28 U.S.C. § 636(c)(3), see Hatcher v. Consol. City of Indianapolis, 323 F.3d 513, 515–16 (7th Cir. 2003); Binder v. Gillespie, 184 F.3d 1059, 1063 (9th Cir. 1999), and it is

---

[1] We have jurisdiction under 28 U.S.C. § 1291. After filing his notice of appeal, Lachman also filed a motion to vacate judgment, which the District Court denied. Because Lachman did not file a new or amended notice of appeal encompassing the order denying his motion to vacate, we lack jurisdiction to consider that order. See generally Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir. 2008).

[2] Lachman has forfeited any arguments that he has not developed in his brief. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

permissible for counsel, rather than the party, to convey consent, see United States v. Muhammad, 165 F.3d 327, 331 (5th Cir. 1999); cf. Peretz v. United States, 501 U.S. 923, 925, 932 (1991). Further, defects in service and personal jurisdiction can be waived. See Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020); Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993).

Thus, Lachman's arguments can prevail only if he establishes that he is not bound by the settlement agreement. In the District Court, he argued that Attorney Dalton represented only the other defendants, not him, and thus lacked authority to settle the case on his behalf. Under New Jersey law, which the District Court applied without objection, see generally Tiernan v. Devoe, 923 F.2d 1024, 1033 n.6 (3d Cir. 1991), "stipulations made by attorneys when acting within the scope of their authority are enforceable against their clients," Jennings v. Reed, 885 A.2d 482, 490 (N.J. Super. Ct. App. Div. 2005) (quotation marks, ellipses omitted). Authority to settle "may 'be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account.'" Id. (quoting Restatement (Second) of Agency § 26 (1958)).

The District Court held a hearing and concluded that Dalton's account—in which he said that he discussed the settlement with Lachman and obtained his approval before agreeing to it—was more credible than Lachman's. We would upset this ruling only upon a showing of clear error. See Tiernan, 923 F.2d at 1031 n.5; Lahue v. Pio Costa, 623 A.2d 775, 788–89 (App. Div. 1993). Lachman has failed to present any arguments as to why the Court erred in reaching this conclusion, and the issue is arguably forfeited.

4

See supra n.2.  In any event, given Dalton's clear testimony and an email in which Lachman responded that a proposed settlement "looked good," we discern no error.  See generally Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").  Further, Lachman has asserted no other argument as to why the settlement agreement should not bind him.

Accordingly, we will affirm the District Court's judgment.