**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1632

_____

BRUCE DORR;
CAROLE DORR

v.

GCT GLOBAL CONTAINER TERMINALS INC;
GCT BAYONNE, LP

Bruce Dorr,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:23-cv-00723)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 18, 2025

Before: CHAGARES, *Chief Judge*, and BIBAS and RENDELL, *Circuit Judges*

(Filed: February 20, 2025)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Bruce Dorr was a truck driver and independent contractor for a Pennsylvania delivery company. His delivery company sent him an order to pick up a load in New Jersey from GCT Bayonne, operated by GCT Global Container Terminals, and drive it to central Pennsylvania. He drove there, and GCT Bayonne and GCT Global's employees put the container on his truck. Though he did not know it, the shipping container was overloaded and too heavy for him to transport.

Dorr drove the load to central Pennsylvania. While he was driving within the speed limit, his truck rolled over and caught fire, seriously and permanently injuring him. He and his wife sued GCT Bayonne and GCT Global in federal court in Pennsylvania for negligence and loss of consortium. The District Court dismissed without prejudice for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

We review that dismissal de novo. *N. Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 688 (3d Cir. 1990). Because the GCT companies raised personal jurisdiction as a defense, Dorr has the burden "to come forward with sufficient facts to establish that jurisdiction is proper." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (internal quotation marks omitted). Because the District Court did not hold an evidentiary hearing, Dorr need only "establish a prima facie case of personal jurisdiction" and is "entitled to have [his] allegations taken as true and all factual disputes drawn in [his] favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Still, he has not met his burden.

2

Pennsylvania's long-arm statute extends to the Constitution's limits, so the Due Process Clause defines the bounds of the District Court's personal jurisdiction. 42 Pa. Cons. Stat. § 5322(b).

As the District Court properly held, it lacked general personal jurisdiction over the companies. General personal jurisdiction exists if the companies have such "continuous and systematic" links to Pennsylvania "as to render them essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted).

Both companies are incorporated (or registered) and have their principal places of business outside Pennsylvania. GCT Global's general counsel swore that his company is organized and does business in Canada, has never done or solicited business in Pennsylvania, and has never had any property or employees in Pennsylvania. A vice president of GCT Bayonne's parent company swore that GCT Bayonne is registered in Delaware, has its headquarters and principal place of business in New Jersey, has never done or solicited business in Pennsylvania, and has never had any property or employees in Pennsylvania. Under Rule 12(b)(2), we may look at such sworn affidavits outside the pleadings. *Patterson ex rel. Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990). Dorr pleaded no specific facts contradicting that evidence. He alleges only that GCT Global is a Canadian corporation and GCT Bayonne is a Delaware and New Jersey limited partnership. So Dorr has not met his burden of showing general personal jurisdiction.

Nor did the District Court have specific personal jurisdiction. Dorr did not come forward with any facts showing that either company took any act in Pennsylvania or otherwise "engaged in conduct purposefully directed at" it. *J. McIntyre Mach., Ltd. v. Nicastro*, 564

3

U.S. 873, 886 (2011) (plurality opinion). He alleges only that the companies' employees loaded the container onto the truck. Even taking these allegations as true, they do not show that the companies chose where the goods would go. As the attachment to Dorr's own complaint shows, neither company was the shipper. That fact distinguishes this case from the one on which Dorr primarily relies. *Merced v. Gemstar Grp.*, No. 10-cv-3054, 2011 WL 5865964, at *1, *4 (E.D. Pa. Nov. 22, 2011) (finding specific personal jurisdiction over foreign shippers because they "knowingly shipped their products into Pennsylvania on at least three occasions").

Because Dorr has not carried his burden of showing that either company did anything in or directed toward Pennsylvania, we will affirm the District Court's dismissal without prejudice for lack of personal jurisdiction.