DLD-116                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3022
_____

JOHN ANGELILLO,
                                                            Appellant

v.

FACEBOOK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:23-cv-01078)
Magistrate Judge:  Honorable William I. Arbuckle (sitting by consent)

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 3, 2025

Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: April 24, 2025)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pennsylvania state prisoner John Angelillo appeals pro se from the decision of the United States District Court for the Middle District of Pennsylvania ("the District Court")[1] dismissing his second amended complaint without further leave to amend. For the reasons that follow, we will affirm that judgment.

I.

Angelillo filed a pro se complaint against Facebook (now known as Meta Platforms, Inc.) in the District Court. He subsequently filed two amended complaints; the second amended complaint is the operative pleading. In that pleading, he alleged that multiple individuals posted defamatory statements about him on Facebook's social-media platform, and that Facebook was negligent "for allowing this to happen . . . unchecked." Second Am. Compl. 1. In view of these allegations, Angelillo sought $68 million in damages and other relief.

Facebook moved to dismiss the second amended complaint, arguing, inter alia, that (1) the District Court lacked personal jurisdiction over Facebook, and (2) Angelillo's lawsuit was barred by a provision of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c). Under this provision, "interactive computer services," see 47 U.S.C.

_____

[1] In this case, a United States Magistrate Judge sat as the District Court pursuant to the parties' consent. See 28 U.S.C. § 636(c)(1).

2

§ 230(f)(2), of which Facebook is one, see, e.g., M.P. ex rel. Pinckney v. Meta Platforms Inc., 127 F.4th 516, 520 (4th Cir. 2025); Klayman v. Zuckerberg, 753 F.3d 1354, 1357 (D.C. Cir. 2014), are immunized "if they are sued for someone else's expressive activity or content," Anderson v. TikTok, Inc., 116 F.4th 180, 183 (3d Cir. 2024); see Hepp v. Facebook, 14 F.4th 204, 209 (3d Cir. 2021) (explaining that "[t]his provision bars attempts to treat websites as publishers or speakers of content posted by others"). Angelillo's opposition to Facebook's motion to dismiss did not address personal jurisdiction or the CDA.

On October 18, 2024, the District Court dismissed Angelillo's second amended complaint without further leave to amend. The District Court concluded that Angelillo "does not allege sufficient factual matter that would allow this Court to exercise specific or general personal jurisdiction over [Facebook]." Dist. Ct. Mem. Op. entered Oct. 18, 2024, at 15 [hereinafter Dist. Ct. Op.]. The District Court further concluded that, "[a]lthough it is likely this pleading defect could be remedied," id., it would be futile to give Angelillo a chance to do so because his lawsuit would be barred by the CDA. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision is plenary, see Ellison v. Am. Bd. of Orthopaedic Surgery,

3

11 F.4th 200, 204 n.2 (3d Cir. 2021), and we may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We see no reason to disturb the District Court's decision. For substantially the reasons set forth in the District Court's October 18, 2024 opinion, Angelillo failed to allege facts establishing that the District Court had personal jurisdiction over Facebook. See Dist. Ct. Op. 10-15. See generally Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020) ("When a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden to come forward with sufficient facts to establish that jurisdiction is proper." (internal quotation marks omitted)). And as the District Court explained, it would have been futile to give Angelillo another chance to amend because this lawsuit was barred by the CDA. See Dist. Ct. Op. 15-20.[2]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. Angelillo's motion for an evidentiary hearing is denied.

---

[2] We note that nothing in Angelillo's appellate filings here indicates that he would have been able to cure the defect regarding personal jurisdiction if afforded the opportunity to file yet another amended complaint.